UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KEYSTONE BUILDERS RESOURCE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MITCHELL HOMES, INC., <br> SCOTT D. SLEEME, <br> MITCHELL J. SLEEME, <br> H. PERRIN ANDERSON, <br> VERNON T. ANDERSON, and <br> ANTOINETTE M. SLEEME, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 3:09CV232

TRIAL BY JURY DEMANDED

## COMPLAINT

Plaintiff, KEYSTONE BUILDERS RESOURCE GROUP, INC. (hereinafter "KEYSTONE"), alleges the following in their Complaint against the Defendants Mitchell Homes, Inc., Scott D. Sleeme, Mitchell J. Sleeme, H. Perrin Anderson, Vernon T. Anderson and Antoinette M. Sleeme (collectively "Defendants").

### THE PARTIES, JURISDICTION AND VENUE

1.    KEYSTONE is a Nevada corporation with its principal place of business in Richmond, Virginia.

2.    Upon information and belief, Defendant Mitchell Homes, Inc., is a Virginia corporation with its principal place of business in or around Powhatan, Virginia, and conducts

1

extensive business within the Commonwealth of Virginia. Moreover, Mitchell Homes, Inc. has sold and continues to sell its products and services to citizens of the Commonwealth of Virginia. Thus, Mitchell Homes is subject to personal jurisdiction pursuant to Virginia Code § 8.01-381.1.

3.      Upon information and belief, Defendant Scott D. Sleeme is an individual residing in or around Powhatan, Virginia, and is an owner, officer, director, employee, or managing agent of Defendant Mitchell Homes, Inc.  Upon information and belief, Scott D. Sleeme manages and controls the affairs and business transactions of Mitchell Homes, Inc., including its extensive business within the Commonwealth of Virginia and the sale of its products and services to the citizens of the Commonwealth of Virginia. Thus, Scott D. Sleeme is subject to personal jurisdiction pursuant to Virginia Code § 8.01-381.1.

4.      Upon information and belief Defendant Mitchell J. Sleeme is an individual residing in or around Richmond, Virginia, and is an owner, officer, director, employee, or managing agent of Defendant Mitchell Homes, Inc. Upon information and belief, Mitchell J. Sleeme manages and controls the affairs and business transactions of Mitchell Homes, Inc., including its extensive business within the Commonwealth of Virginia and the sale of its products and services to the citizens of the Commonwealth of Virginia. Thus, Mitchell J. Sleeme is subject to personal jurisdiction pursuant to Virginia Code § 8.01-381.1.

5.      Upon information and belief Defendant H. Perrin Anderson is an individual residing in or around Richmond, Virginia, and is an owner, officer, director, employee, or managing agent of Defendant Mitchell Homes, Inc. Upon information and belief, H. Perrin Anderson manages and controls the affairs and business transactions of Mitchell Homes, Inc., including its extensive business within the Commonwealth of Virginia and the sale of its products and services to the

2

citizens of the Commonwealth of Virginia. Thus, H. Perrin Anderson Sleeme is subject to personal jurisdiction pursuant to Virginia Code § 8.01-381.1.

6.     Upon information and belief Defendant Vernon T. Anderson is an individual residing in or around Fredericksburg, Virginia, and is an owner, officer, director, employee, or managing agent of Defendant Mitchell Homes, Inc.  Upon information and belief, Vernon T. Anderson manages and controls the affairs and business transactions of Mitchell Homes, Inc., including its extensive business within the Commonwealth of Virginia and the sale of its products and services to the citizens of the Commonwealth of Virginia. Thus, Vernon T. Anderson is subject to personal jurisdiction pursuant to Virginia Code § 8.01-381.1.

7.     Upon information and belief Defendant Antoinette M. Sleeme is an individual residing in or around Richmond, Virginia, and is an owner, officer, director, employee, or managing agent of Defendant Mitchell Homes, Inc.  Upon information and belief, Antoinette M. Sleeme manages and controls the affairs and business transactions of Mitchell Homes, Inc., including its extensive business within the Commonwealth of Virginia and the sale of its products and services to the citizens of the Commonwealth of Virginia. Thus, Antoinette M. Sleeme is subject to personal jurisdiction pursuant to Virginia Code § 8.01-381.1.

8.     All of the Defendants are jointly and severally liable for the infringement alleged herein, as a matter of direct, contributory, and/or vicarious liability.

9.     This is an action at law and in equity for copyright infringement arising under the laws of the United States of America, codified at 17 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction of the claims under 28 U.S.C. § 1338.

3

10.    Venue in this district is proper under 28 U.S.C. §§ 1391(b) and 1400(a), and Local Rule 3(B)(4) as Defendants are subject to personal jurisdiction in this district, and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

11.    Defendants may be served through the registered agent for Mitchell Homes, Inc., Bourdow, Bowen & Ellis, P.C., a law firm located at: 5104 West Village Green Drive, Suite 108, Midlothian, Virginia, 23112.

## FACTUAL BACKGROUND

12.    KEYSTONE is engaged in the business of creating, designing, producing, distributing, and marketing original architectural working drawings, architectural works, and related technical drawings (herein "the KEYSTONE designs").

13.    KEYSTONE is also engaged in the business of constructing, marketing and selling residential homes.

14.    On or about September 4, 1990, KEYSTONE created a certain architectural work and related technical drawings embodying a design identified as "The Worthington." A representative rendering and floor plan of "The Worthington" is attached as Exhibit 1.

15.    The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 192 185, a copy of which is attached as Exhibit 2.

16.    The KEYSTONE designs, including those for "The Worthington" contain material wholly original to KEYSTONE that is copyrightable subject matter under 17 U.S.C. §§ 101 et seq.

17.    KEYSTONE currently, and at all relevant times, was and remains the sole owner of all rights, title and interest in and to the KEYSTONE designs, including "The Worthington."

4

18.    All lawful copies and distributions of the KEYSTONE designs or derivatives thereof, including for "The Worthingon," have been made by KEYSTONE or under KEYSTONE'S consent or permission for their respective designs.

19.    The KEYSTONE designs, including those for "The Worthington" have been marketed and distributed on at least a nationwide basis through print media and the Internet, and Defendants have had access to them.

20.    Defendant Mitchell Homes, Inc. is, upon information and belief, engaged in the business of constructing, marketing, advertising, and selling residential housing.

21.    Defendants Scott D. Sleeme, Mitchell J. Sleeme, H. Perrin Anderson, Vernon T. Anderson and Antoinette M. Sleeme are owners, officers, directors, employees, or managing agents of Defendant Mitchell Homes, Inc., and, upon information and belief, manage and control its affairs.

22.    Upon information and belief Defendants Scott D. Sleeme, Mitchell J. Sleeme, H. Perrin Anderson, Vernon T. Anderson and Antoinette M. Sleeme have a direct financial interest in the affairs of Mitchell Homes, Inc., and participated directly in the infringing acts alleged herein.

23.    Upon information and belief, Defendants have built, marketed, advertised, and sold residential houses constructed from floor plans and exterior elevations that the Defendants identified and marketed as "The Stafford" and in connection therewith have published, distributed, and publicly displayed photographs and renderings of "The Stafford" and the architectural designs from which it was constructed. A representative copy of such photographs and renderings are attached hereto as Exhibit 3.

24.    Defendants' floorplan and elevation for "The Stafford" is substantially similar to the floorplan and elevation for KEYSTONE'S "The Worthington" and constitutes an unauthorized derivative thereof.

25.    Upon information and belief, Defendants constructed houses from copies or derivatives of one or more of the KEYSTONE designs, including without limitation those for "The Worthington" without authorization, permission or license from KEYSTONE.

## COUNT 1: COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 et seq.)

26.    KEYSTONE   reiterates and realleges the allegations contained in paragraphs 1 through 25 of this Complaint.

27.    The construction, marketing, advertising, publication, distribution, public display, and sale of unauthorized and unlicensed copies or derivatives of the KEYSTONE designs (including houses constructed from unlicensed copies or derivatives of the KEYSTONE designs) violates KEYSTONE'S copyrights in the KEYSTONE designs; specifically including without limitation "The Worthington."

28.    As a direct and proximate result of Defendants' wrongful conduct, KEYSTONE has been damaged.

29.    Defendants' infringements of KEYSTONE'S copyrights have been and continue to be committed willfully.

30.    KEYSTONE generally avers that all conditions precedent to their rights of recovery have occurred or have been performed.

6

## RELIEF SOUGHT

WHEREFORE, KEYSTONE prays that this honorable Court do the following:

A.      Permanently enjoin and restrain the Defendants and their officers, directors, principals, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, from:

(1)      imitating, copying, or making any unauthorized use of the KEYSTONE designs in any manner, and from publishing, distributing, selling, advertising, marketing, building, constructing or otherwise disposing of any copies or unlicensed derivatives of the KEYSTONE designs, including but not limited to any unlicensed derivatives of "The Worthington" and any and all houses built from the KEYSTONE designs or any derivatives thereof outside the scope of a valid license;

(2)      manufacturing, producing, building, constructing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction, counterfeit, copy, derivative, or colorable imitation of the KEYSTONE designs, including but not limited to any unlicensed derivatives of "The Worthington" and any and all houses built from the KEYSTONE designs or any derivatives thereof outside the scope of a valid license; and

(3)      using any simulation, reproduction, counterfeit, copy, derivative, or colorable imitation of the KEYSTONE designs in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, building, construction, circulation, or distribution of any product or service, including but not limited to any and all houses built from "The Worthington" or the any derivatives thereof outside the scope of a valid license.

7

B.    Direct the Defendants to deliver up to be impounded during the pendency of this action under 17 U.S.C. § 503 all unlicensed copies or derivatives of the KEYSTONE designs in Defendants' possession or under Defendants' control and to deliver up all infringing copies and all devices used for making such infringing copies, including but not limited to any houses or townhouses that have been constructed from the KEYSTONE designs, including without limitation "The Worthington" or any derivatives thereof in violation of KEYSTONE'S copyrights.

C.    Direct Defendants to pay KEYSTONE such damages as the jury determines KEYSTONE has sustained in consequence of Defendants' infringing KEYSTONE'S copyrights , and to account for all gains, profits, and advantages derived by Defendants through their infringement of KEYSTONE'S copyrights under 17 U.S.C. § 504(b), or at KEYSTONE'S election, statutory damages under 17 U.S.C. § 504(c) which permits a recovery of up to $150,000 for infringement of each copyrighted work.

D.    Order the Defendants to pay KEYSTONE'S costs of this action and their reasonable attorney's fees allowable to KEYSTONE by the Court under 17 U.S.C. §§ 505.

E.    Award to KEYSTONE such other and further relief as the Court may consider appropriate.

KEYSTONE hereby requests a jury trial as to all matters other than the equitable remedies sought.

8

This, the 19th day of November, 2009.

Respectfully submitted,

**KEYSTONE BUILDERS RESOURCE GROUP, INC.**

By: _____
Of Counsel

Brent M. Timberlake, Esq. (VSB No. 68720)
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Tel: (804) 697-1368
Fax: (804) 698-6064
E-mail: brent.timberlake@troutmansanders.com

OF COUNSEL:
W. Thad Adams, III (N.C. Bar No. 00020)
Jonathan P. Spence (N.C. Bar No. 28093)
Adams Intellectual Property Law, P.A.
Suite 2350, Charlotte Plaza
201 South College Street
Charlotte, North Carolina 28244
Tel: (7004) 375-9249
Fax: (704) 375-0729
E-mail: litigation@adamspat.com